UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00196-TBR-LLK

ANTHONY WAYNE FAGAN                                                    PETITIONER

v.

BARRY BRADY, Warden                                                    RESPONDENT

### MEMORDANDUM OPINION AND ORDER

Petitioner Anthony Wayne Fagan has filed a § 2254 habeas petition.  (DN 1).

Respondent Barry Brady, on behalf of Kentucky, has filed a response.  (DN 14).  Fagan replied.

(DN 15).  This Court referred the matter to Magistrate Judge King for a report and

recommendation.  A report and recommendation has been issued.  (DN 18).  Fagan filed an

objection.  (DN 19).  The matter is now ripe for decision.

### BACKGROUND

This matter is before the Court upon Petitioner Anthony Wayne Fagan's petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2254.  After a jury trial, Fagan was convicted of one

count of unlawful taking over $10,000 and three counts of first-degree criminal mischief and

sentenced to a term of twenty years of imprisonment.  More detail surrounding Fagan's case

comes from the Kentucky Supreme Court's decision in *Fagan v. Com.*, 374 S.W.3d 274, 275-76

(Ky. 2012):

> VMV is a Kentucky-based shop that rebuilds and refurbishes locomotives. In
> January 2010, the plant manager at VMV discovered that someone cut and
> removed the copper cables from thirty-four locomotives at the shop. To protect
> against further theft, VMV hired off-duty police officers to watch the property at
> night. And a few nights after discovering the vandalized locomotives, a security
> guard notified the authorities when he observed two subjects walking along
> VMV's fence. The subjects went under the fence and disappeared behind several
> locomotives, where the police confronted them. Both subjects fled to the fence

1

and began climbing it, throwing items over as they went. They entered the woods, where police eventually found Fagan lying at the base of a tree. Police also located a flashlight, wrenches, and a cable-cutting tool at the site where Fagan and his cohort climbed the fence.

At trial, Fagan's cousin testified that in the fall of 2009, Fagan paid her to help him sell scrap metal. In January, she noticed that the color of the metal changed from dark to bright silver. Around this time, Fagan called her more often and paid her more to deliver the metal.

Fagan removed over $30,000 worth of cable from the locomotives. Of the damaged locomotives, First Union owned three, GATX owned twenty-four, and NRE owned seven. The repairs to the locomotives cost much more than just the $30,000 worth of cable because it was not possible to splice the high-voltage cables. The cost of repair for the locomotives owned by GATX and First Union totaled over $400,000.

The McCracken County grand jury indicted Fagan for one count of theft by unlawful taking over $10,000, thirty-three counts of first-degree criminal mischief, one count of second-degree criminal mischief, and being a first-degree persistent felony offender (PFO 1). At the close of the Commonwealth's case-in-chief, the thirty-three counts of first-degree criminal mischief were merged into three counts, one for each victim. And before the penalty phase of the trial began, the Commonwealth abandoned the PFO 1 charge.

The jury convicted Fagan of theft by unlawful taking over $10,000 and all three counts of first-degree criminal mischief. The jury recommended a punishment of five years' imprisonment on each charge, to run consecutively for a total of twenty years' imprisonment. The trial court sentenced Fagan in accordance with the jury's recommendation and ordered Fagan to pay restitution to the victims.

Fagan appealed his trial court conviction to the Kentucky Supreme Court, arguing *inter alia* that "his convictions for theft by unlawful taking over $10,000 and first-degree criminal mischief violate double jeopardy because in order to accomplish the theft, it was necessary for him to damage the locomotives."  *Id*. at 277.  The Kentucky Supreme Court applied the *Blockburger* test and found that each crime contained an element the other did not and required proof of a fact the other did not.  *Id*. (citing *Blockburger v. United States*, 284 U.S. 299, 301, 52 S. Ct. 180, 181, 76 L. Ed. 306 (1932)).  Accordingly, the Kentucky Supreme Court held that Fagan's convictions for unlawful taking over $10,000 and first-degree criminal mischief did not violate the Double

2

Jeopardy Clause of the Fifth Amendment.[1]   The Kentucky Supreme Court affirmed Fagan's conviction and sentence.

Fagan subsequently filed motions for the judge to recuse, for a new trial, and two motions to vacate due to ineffective assistance of counsel and alleged bias by the trial judge.   Fagan then appealed the denial of these motions.   Fagan has now filed a petition for writ of habeas corpus before this Court.

STANDARD

"Under the 1996 Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), federal habeas relief may not be granted unless the state court decision at issue:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Coleman v. Bergh*, 804 F.3d 816, 819 n. 1 (6th Cir. 2015);  *Adams v. Bradshaw*, 817 F.3d 284, 288 (6th Cir. 2016).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court reaches a decision different from that of the Supreme Court on a set of materially indistinguishable facts."  *Trimble v. Bobby*, 804 F.3d 767, 773 (6th Cir. 2015). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case."  *Id*.  "For factual

---

[1] Which is applicable to states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787 (1969).

matters, a district court may not grant a habeas petition unless the state court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id*. (quoting 28 U.S.C. § 2254(d)(2)).

"To obtain habeas relief, 'a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id*. (*quoting Harrington v. Richter*, 562 U.S. 86 (2011)).  This standard is "difficult to meet." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (citation omitted).

DISCUSSION

Fagan lists four grounds in his petition for writ of habeas corpus:  (1) ineffective assistance of appellate counsel; (2) the "Trial Judge allowed the Commonwealth Attorney to Amend the Indictment to be Broadened two days before trial"; (3) "illegally seizing evidence from the District Court to convict the Petitioner in Circuit Court;" and (4) "The Commonwealth Attorney Knowingly Charged Movant with Theft By Unlawful Taking and Criminal Mischief." (DN 1).

First, Fagan argues his trial counsel was ineffective in not arguing Fagan's double jeopardy claim.  The "right to counsel" implies the "right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 692 (1984).  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686. "A petitioner must make two showings to qualify for relief: (1) 'that counsel's performance was deficient'; and (2) 'that the deficient performance prejudiced the defense.'" *Howard v. United States*, 743 F.3d 459, 464 (6th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687).

4

Fagan raises two theories for why he believes his convictions violated the double jeopardy clause of the Fifth Amendment.  First, Fagan argues that the "act of taking $10,000 or more of the copper is the same act that caused the three criminal mischief and damages of $1,000 or more to the locomotives."  (DN 1-2).  This argument must be rejected because Fagan's counsel did raise it before the Kentucky Supreme Court, which applied the *Blockburger* test and found that the crimes Fagan was charged with each contained an element the other did not and required proof of a fact the other did not.

Second, Fagan argues his counsel was ineffective when he "failed to argue former jeopardy when the case against the Movant included evidence that had led to a conviction pervious to the trial against Movant and said evidence had been ORDERED returned to the Movant."  (DN 1-2).  Fagan refers to his guilty plea for criminal trespass and evading arrest, misdemeanors which were brought in McCracken County District Court.  The Court is unaware of any rule which holds that evidence gathered for the prosecution of one crime cannot be used in prosecuting a related crime, nor has Fagan cited to any such rule.

Fagan also argues the trial judge erred in permitting the indictment to be amended two days before trial.  In addition, Fagan argues the trial court should have granted a new trial because the judge refused to recuse himself and showed bias.  The Kentucky Court of Appeals found these claims were properly denied because Fagan failed to timely request a new trial. *Fagan v. Kaltenbach*, 2014 WL 3721275, at *1 (Ky. Ct. App. July 25, 2014) (unpublished), *review denied* (Aug. 12, 2015).[2]  Therefore, the Court cannot hear the merits of these claims

---

[2] In addition, the Kentucky Court of Appeals noted that "claims of error by trial counsel must fail" because Fagan did not raise these issues on direct appeal.  Id. at *3.

because Fagan has procedurally defaulted on them. *Jones v. Bagley*, 696 F.3d 475, 483 (6th Cir. 2012).

Finally, Fagan argues the "Commonwealth Attorney Knowingly Charged Movant with Theft By Unlawful Taking and Criminal Mischief" in violation of Fagan's right to equal protection of the law. (DN 1-2). Fagan argues the intent element of criminal mischief and theft by unlawful taking are different and incompatible. Criminal mischief requires the intentional or wanton destruction of property, whereas unlawful taking requires the exercise of control over property with the intent to deprive. Fagan argues it was improper for the prosecutor to charge him with both crimes since "[i]f the movant was on the property of VMV to steal then he could not be charged with criminal mischief." (DN 1-2). In many respects, Fagan's argument repeats his argument to the Kentucky Supreme Court that these two charges violate double jeopardy. Notwithstanding this fact, the Court finds that the decision of what charges to bring is left to the discretion of a prosecutor, provided he has "probable cause to believe that the accused committed an offense defined by statute." *Bordenkircher v. Hayes*, 434 U.S. 357, 364, (1978); *United States v. Goodwin*, 457 U.S. 368 (1982). As Fagan was convicted on both counts, the Court can easily conclude that the prosecutor's decision to charge Fagan with both counts was supported by probable cause. *Taylor v. Nohalty*, 404 S.W.2d 448, 449 (Ky. 1966) ("a conviction in a lower court is conclusive evidence of probable cause").

The Court will decline to issue a certificate of appealability in this case. A state or federal prisoner who seeks to take an appeal from the dismissal of a habeas corpus petition or a motion to vacate must satisfy the certificate of appealability requirements of 28 U.S.C. § 2253(c). A COA will be issued only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Such a substantial showing is made

when a prisoner establishes that jurists of reason would find it debatable whether the petition or motion states a valid claim of the denial of a constitutional right or, in the cases in which the petition is resolved based upon a procedural ruling, that jurists could find it debatable whether the district court was correct in its procedural ruling. *See Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001). A state prisoner may raise on appeal only those specific issues for which the district court grants a certificate of appealability. Powell v. Collins, 332 F.3d 376, 398 (6th Cir. 2003). Fagan has not shown the denial of a constitutional right on either his ineffective assistance of counsel claims or his equal protection of the law claim. Fagan's claim that the trial court was biased is procedurally defaulted. Because reasonable jurists could not debate any of these points, the Court will deny Fagan a certificate of appealability as to all four grounds raised in his petition.

## CONCLUSION

This Court has conducted a *de novo* review of the Magistrate Judge's report and recommendation and the objection filed thereto. For the foregoing reasons, IT IS HEREBY ORDERED that the Court ADOPTS the findings of fact and conclusions of law as set forth in the report submitted by the United States Magistrate Judge.

IT IS FURTHER ORDERED that Defendant Anthony Wayne Fagan's § 2254 habeas petition (DN 1) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

An appropriate Judgment will issue separately in conjunction with this Order.

cc:     counsel of record
        Anthony Wayne Fagan, *pro se*